**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50029 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00285-SVW-1 |
| v. | |
| MAURO ROMERO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 26, 2023**

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Mauro Romero appeals from the district court's judgment and challenges the

96-month sentence imposed following his guilty-plea conviction for distribution of

methamphetamine and for possession with intent to distribute methamphetamine,

in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  We have jurisdiction under

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we vacate and remand for resentencing.

Romero contends that the district court failed to conduct the required analysis to determine whether he should receive a minor-role adjustment under U.S.S.G. § 3B1.2.  After the district court sentenced Romero, we issued our opinions in *United States v. Rodriguez*, 44 F.4th 1229, 1234-37 (9th Cir. 2022) (explaining how to interpret and apply the five factors enumerated in the commentary to § 3B1.2), and *United States v. Dominguez-Caicedo*, 40 F.4th 938, 960 (9th Cir. 2022) (describing three-step process district courts must follow to determine if a defendant is substantially less culpable than the average participant in the offense), *cert. denied sub nom. Chichande v. United States*, No. 22-6409, 2023 WL 3937636 (U.S. June 12, 2023), and *cert. denied*, No. 22-6461, 2023 WL 3937638 (U.S. June 12, 2023).  The district court did not have the benefit of these decisions, which clarified how district courts should perform the minor role analysis, when it sentenced Romero.  Thus, we vacate the judgment and remand for the district court to reconsider Romero's request for a minor-role reduction under the standards set forth in those opinions.

In light of this disposition, we do not reach Romero's remaining contentions. We express no opinion as to whether Romero should receive a minor-role adjustment or a different sentence on remand.

**VACATED and REMANDED for resentencing.**

2                                                                          22-50029